Argued February 12, decided February 18, rehearing denied March 25, 1913.

### CLARK *v.* LATOURETTE.

(129 Pac. 1043.)

**Deeds—Execution—Evidence.**

1. In an action to quiet title by the widow and children of a former owner who claimed that a deed executed by him was executed in blank, evidence held to show that he made a deed to the company from whom defendant derived title.

**Vendor and Purchaser—Bona Fide Purchasers—Constructive Notice.**

2. A purchaser of land from a corporation in which he owned one share of stock, and of which his son was clerk or secretary, but who had never participated in its management, was not charged with constructive notice of any fraud perpetrated by the corporation's president in acquiring title.

**Acknowledgment—Curing Defects—Curative Statutes.**

3. The acknowledgment of a conveyance to a corporation before a notary public who was president of the corporation, and the actual beneficiary of the conveyance, was cured by Section 1, Chapter 174, Laws 1907 (Section 7154, L. O. L.), providing that all deeds affecting real property theretofore executed which were signed by the grantor should be effective without sealing or other execution, acknowledgment, or witnesses, and that all such instruments which should have been acknowledged or attempted in good faith to be acknowledged before an officer with a seal or one without a seal whose authority should be proved by a certificate of a clerk of a court of record should be entitled to record and receivable in evidence, and that, when so recorded, the record, when duly certified by the county clerk, should be evidence in all courts, and hence the conveyance was properly received in evidence.

From Tillamook:   ROBERT G. MORROW, Judge.

This is a suit by John B. Clark, Nellie W. Bozard and Anne C. Clark against C. D. Latourette, to quiet the title to certain lands described in the complaint, situate in Tillamook County, Oregon.   There was a decree rendered by the lower court in favor of defendant, and plaintiffs appeal.   The facts are fully set forth in the opinion.                                        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. H. T. Botts.*

No appearance for respondent, except a brief over the name of *Mr. John M. Gearin.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

In October, 1898, one J. Fay Clark executed a deed to the Clackamas Abstract & Trust Company, purporting to convey a quarter section of land in Tillamook County to the grantee.   John F. Clark, who was not in any way related to J. Fay Clark, the grantor, was the president, manager, and principal stockholder in the company, and testifies that the grantor, being in failing health, offered to convey the land to him in recognition of certain friendly services rendered him, and that among other reasons he assigned for this course was the fact that his wife and children in the east were indifferent to him, and that he did not want them to have the property in case of his death.   John F. Clark prepared a deed to the land, naming the abstract company as grantee, but, as he says, intending that it should be held for him.   He was a notary public, and, as such, took the acknowledgment and also signed as one of the witnesses. The deed was not recorded. J. Fay Clark died in Oregon City in 1902.   Neither he nor John F. Clark gave any attention to the land or paid the taxes upon it from 1896 until its purchase by defendant Latourette.   In the fall of 1907, Latourette, having had his attention called to this land by an inquiry from

another party, and supposing from the similarity of names that it was the homestead of John F. Clark, made inquiry of Clark in regard thereto. Clark told him that he owned the land, showed him the patent from the United States, the deed from the original patentee to J. Fay Clark, and the deed from J. Fay Clark to the abstract company, and assured him that the title was all right, except the liens for unpaid taxes. Latourette purchased the land, paying $400 therefor, and assuming the burden of the unpaid taxes. Later his deed was lost or mislaid, and the abstract company executed a new deed to the property.

The plaintiffs, who are the widow and children of J. Fay Clark, brought this suit to quiet title to the land, and Latourette sets up his title through the conveyance mentioned. The plaintiffs by way of reply deny the execution of the conveyance from J. Fay Clark to the abstract company. They further allege that, if J. Fay Clark ever executed a conveyance to the abstract company, it was executed with the name of the grantee left blank, so as to enable John F. Clark, as the agent of J. Fay Clark, to insert the name of any purchaser he might find for the land, that he found no purchaser, and that his authority to insert a name ceased upon the death of J. Fay Clark, which occurred October 4, 1902.

1. There is no evidence to sustain plaintiffs' theory that the name of the abstract company was inserted after the acknowledgment of the deed. It is a theory resting upon mere conjecture. It may be granted that John F. Clark's want of frankness in his replies to the inquiries of J. Fay Clark's relatives concerning the property casts an air of suspicion over his testimony, and the alleged reason given by J. Fay Clark for making the conveyance seems peculiar to say the least; yet in one respect he is supported by the testimony of Judge Campbell, who was a friend and roommate of J. Fay Clark,

and testifies that J. Fay Clark told him, in effect, that he positively had no use for any member of his family; that when he was broke his family had no use for him. This is disinterested and reliable testimony, and, if we add to this the undeniable fact that Clark was a man of a peculiar and "cranky" disposition, the conveyance by him to John F. Clark does not seem so improbable as would appear at first blush. It is evident that neither he nor his grantee, nor any one else, attached any particular value to the land, or they would not have allowed it to be sold year after year for taxes. But, whatever may have been the good faith or lack of good faith of John F. Clark in the transaction, we are satisfied that a deed was actually made by J. Fay Clark to the abstract company, and there is nothing to indicate anything but entire good faith on the part of the defendant Latourette. He paid $400 in gold for the land, and spent $130 in clearing up the tax liens against it. The deeds exhibited to him indicated a good title in the abstract company, and the price asked and paid was not under the circumstances so inadequate as to excite suspicion.

2. It is true that he owned one share of stock in the abstract company, making him a nominal stockholder, and that at one time his son was a clerk or secretary of the company; but he himself never actually participated in its management, and there is nothing in these relations with the company to charge him with actual or constructice notice of any fraud that might have been perpetrated by its president.

3. The deed was irregularly acknowledged and witnessed. The irregularity consisted in the fact that John F. Clark, as a notary public, took the acknowledgment to a conveyance to the company of which he was the president, and of which conveyance he was the actual beneficiary. We think this irregularity was cured by the provisions of Section 1, Chapter 174, Session Laws

of 1907 (Section 7154, L. O. L.), which is as follows:

"All deeds or other instruments affecting or purporting to affect real property heretofore executed, in this State, or in any State or Territory of the United States, or in any foreign country, which shall have been signed by the grantor, shall be effective according to the terms of such instrument without sealing or other execution, acknowledgment of witnesses thereto whatever, and all such instruments which shall have been acknowledged or attempted in good faith to be acknowledged before an officer having a seal, whether within or without the State of Oregon, or an officer without a seal, whose authority to take acknowledgments within the State where the acknowledgment was taken or attempted to be taken shall be proved by certificate of the clerk of a court of record in such State, shall be entitled to record, and such instruments so executed shall be received in evidence in all courts in this State and be evidence of the titles of the lands therein described against the grantors, their heirs and assigns. When such deed or other instruments so executed are recorded in the records of deeds in the proper county of this State, the record thereof duly certified by the county clerk of such county shall be evidence in all courts and have the same effect as the original thereof."

We are of the opinion that this section was intended to render valid for all purposes the class of instruments mentioned therein, and that all such deeds after the passage of said act, if not theretofore recorded were entitled to record, and that certified copies of such record are entitled to be received in evidence upon the same footing as conveyances regularly witnessed and acknowledged. This being the case, there was no error committed in receiving the certified copy of the deed in evidence.

The decree is affirmed.          AFFIRMED.